# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

TIFFANY NICOLE THOMPSON;
and BARRETT THOMPSON                                                    PLAINTIFFS

v.                          No. 3:18-cv-202-DPM

CARMON SEARS                                                             DEFENDANT

## ORDER

**1.** Sears has established excusable neglect for his late answer. *Pioneer Investment Services Company v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993); *Union Pacific Railroad Company v. Progress Rail Services Corporation*, 256 F.3d 781, 782 (8th Cir. 2001). According to his son's affidavit, which is competent evidence about his father's health, Sears is an older man with a fading mind. He has had to move in with his son; he has no memory of his 2018 car accident involving the Thompsons; and he forgets things he should remember. While launching the case has been delayed for a few months, and the Thompsons had to go to some trouble in achieving service, these circumstances are insufficient prejudice. Sears is ready to defend now, with the help of his son and insurer. Our law prefers decisions on the merits. *Johnson v. Dayton Electric Manufacturing Company*, 140 F.3d 781, 784–85 (8th Cir. 1998). The Clerk's default and the Court's Order on liability will be set aside.

**2.** Sears's filings to date do not establish his incompetence. But the parties need to address that issue soon. Motion to substitute a guardian of his estate, or joint report, due by 31 May 2019.

**3.** The Court received the attached letters from counsel during the briefing on the pending motions. Please do not send any more letters to chambers. File every substantive communication with the Court on the docket. And any moving party may reply within seven calendar days of any response.

\*  \*  \*

Sears's motions, № *10 & 12*, are granted. The Court vacates the Clerk's default, № *6*, and the Order on liability, № *8*. The Thompsons' motion to strike, № *14*, is denied.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

3 May 2019

# LASER LAW FIRM, P.A.
ATTORNEYS AT LAW
415 N. MCKINLEY STREET, SUITE 760
LITTLE ROCK, ARKANSAS 72205

KEVIN J. STATEN

TELEPHONE: (501) 376-2981
FACSIMILE: (501) 376-2417
www.laserlaw.com

E-mail. kstaten@laserlaw.com

April 16, 2019

Honorable D. Price Marshall, Jr.
U.S. Courthouse
600 W. Capitol Avenue, Room B155
Little Rock, AR 72201

  Re: Thompson et al. v. Sears
    Eastern District of Arkansas, Jonesboro Division
    No 3:18-CV-00202 DPM

Dear Judge Marshall:

 Allow me to make a status report on the above-referenced matter. Approximately two weeks ago, I filed a Motion to Reconsider in which I stated that a medical affidavit would be procured and forwarded to the Court.

 I have contacted the relatives of Defendant Sears, who have advised that they are still trying to get in to see the Mr. Sears' doctor. Apparently, the doctor is "booked solid" with appointments and emergencies. They hope to have an affidavit signed in about a week.

 I appreciate the Court's patience in this matter.

          Respectfully,

          Kevin Staten

KS/bds

cc: Mr. Larry Steele
   steelelaw7622@sbcglobal.net

# Larry J. Steele PLC

**ATTORNEY AT LAW**
225 West Elm Street, P.O. Box 561
WALNUT RIDGE, AR 72476-0561
e-mail: steelelaw7622@sbcglobal.net

PHONE: (870) 886-5840

FAX: (870) 886-5873

**VIA EMAIL**
*dpmchambers@ared.uscourts.gov*

April 23, 2019

Honorable D. P. Marshall, Jr.
U.S. District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room B149
Little Rock, AR 72201

      RE:   Tiffany Nicole Thompson, et al. v. Carmon Sears
             U.S. District Court No. 3:18-CV-00202

Dear Judge Marshall:

Mr. Staten's letter of April 16, 2019 disregards the fact that Mr. Staten's client, Auto-Owners Insurance, refused to accept service on behalf of their insured, Defendant, Carmon Sears, when given the opportunity. Mr. Staten's client also obstructed the process by refusing to provide an address where Mr. Sears could be served.

If Defendant Sears had mental problems, the diagnosis should have existed at the relevant time. Any diagnosis obtained at this time would have to be made retroactive and obviously would be self-serving.

Sincerely,

*Larry J. Steele*
Larry J. Steele

LJS/jas
cc:   Mr. Kevin Staten (via email - *kstaten@laserlaw.com*)

LASER LAW FIRM, P.A.
ATTORNEYS AT LAW
415 N. MCKINLEY STREET, SUITE 760
LITTLE ROCK, ARKANSAS 72205-3040

KEVIN STATEN

TELEPHONE: (501) 376-2981
FACSIMILE: (501) 376-2417
www.laserlaw.com

E-mail: kstaten@laserlaw.com
Direct Dial (501) 376-2981

April 23, 2019

Via Email Only: dpmchambers@ared.uscourts.gov

Honorable D. P. Marshall, Jr.
U.S. District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room B149
Little Rock, AR 72201

> RE: Tiffany Nicole Thompson et al. v. Carmon Sears
> U.S. District Court No. 3:18-CV-00202

Dear Judge Marshall:

In response to Mr. Steele's letter, I would point out that Auto Owners has no ability to accept service for Mr. Sears, and no duty to do so. The Federal Rules of Civil Procedure do not authorize service upon an insurance company, nor has Mr. Sears authorized Auto Owners to accept service for him.

Likewise, Auto Owners has no duty to provide an address where Mr. Sears can be served. What Auto Owners did, or didn't, do is irrelevant to the issues before the Court.

I spoke with Mr. Sears' son just now. He stated that he mailed medical records to me *this morning* from Oklahoma. I have the consent of Mr. Sears' son to submit these records to the Court upon receipt. I expect to have them in about two days.

Respectfully,

Kevin Staten

KS/bds

cc: Mr. Larry J. Steele
Steelelaw7622@sbcglobal.net